# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THERESA L. SPEIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-cv-1190-JAR-KGG |
| SONIC RESTAURANTS, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff filed this action alleging claims of interference with her rights under the Family and Medical Leave Act ("FMLA"), and discrimination on the basis of her pregnancy under the Pregnancy Discrimination Act ("PDA") against her former employer, Defendant Sonic Restaurants, Inc. ("Sonic"). Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 9), seeking dismissal of both claims. The motion is fully briefed and the Court is prepared to rule. As described more fully below, Defendant's motion is denied.

## I.     The Complaint

The following facts are alleged in Plaintiff's Complaint and construed in the light most favorable to Plaintiff.[1]

Plaintiff was employed by Defendant as a car-hop at a Sonic Drive-In Restaurant in Wichita, Kansas for approximately three and a half years. On July 19, 2011, Plaintiff found out that she was pregnant, and discussed this information with her friend Kimberly Bogle, who was an associate manager at the Sonic where they both worked. Later, in March 2012, Plaintiff told

---

[1]*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bogle that Plaintiff's doctor had informed her that he would induce labor if Plaintiff did not deliver her baby by April 23, 2012.

Plaintiff continued to work until April 14, 2012. At some point that day, Plaintiff learned that Cobey Smith, an Operating Partner for Defendant, had removed Plaintiff from the Sonic work schedule. In Plaintiff's experience working at Sonic for five years, Smith removed Sonic employees from the work schedule as a method of terminating those employees. Plaintiff tried to contact Smith by telephone to discuss the work schedule several times, but was unable to reach him. Plaintiff also sent Smith two text messages to which Smith did not reply. Plaintiff did not return to work at Sonic after April 14.

Plaintiff went into labor and had her child on April 20, 2012. Plaintiff's doctor released her to return to work on April 27, 2012. Sometime later, Plaintiff discussed her work status with Carol Holland from Sonic's corporate office and learned of her FMLA rights. Plaintiff also learned from Holland that the Sonic location in Wichita had never submitted any FMLA leave requests to the Sonic corporate office regarding Plaintiff's pregnancy.

Plaintiff believed Sonic terminated her employment when it took her off of the Sonic work schedule without any request on Plaintiff's part, and because Smith never returned any of Plaintiff's attempted contacts regarding the reason why Plaintiff had been removed from that schedule. If Plaintiff had been granted FMLA leave, she would have returned to work when her physician authorized her to return to work.

## II.  Rule 12(b)(6) Standard

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, '[but is] not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[4] *Iqbal*, 556 U.S. at 678.

[5] 550 U.S. 544 (2007).

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* (citing *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.* at 679.

determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

## III. Discussion

### A. FMLA Interference

The FMLA entitles a qualified employee to take up to twelve weeks of leave during any twelve month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."[12] In addition to the leave, an eligible employee is entitled to be restored to the same or an equivalent position upon return from leave.[13] Under the FMLA, it is unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."[14] Under this theory, if an employer interferes with an employee's FMLA-created right to a medical leave, it has violated the FMLA, regardless of its intent.[15] But, "[a] reason for dismissal that is unrelated to a request for an FMLA leave will not support recovery under an interference theory."[16]

---

[10] *Id.*

[11] *Id.* at 678.

[12] 29 U.S.C. § 2612(a)(1)(D).

[13] *Id.* § 2614(a)(1)(A)-(B).

[14] *Id.* § 2615(a)(1).

[15] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).

[16] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877–78 (10th Cir. 2004) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 961 (10th Cir. 2002); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998)).

4

A prima facie case of interference thus requires a showing that: (1) Plaintiff was entitled to FMLA leave; (2) that an adverse action by the employer interfered with Plaintiff's right to take FMLA leave; and (3) that the employer's adverse action was related to the exercise or attempted exercise of Plaintiff's FMLA rights.[17] Defendant does not contest that Plaintiff was entitled to FMLA leave. Instead, Defendant argues that Plaintiff fails to allege facts to support (1) an adverse employment action by Sonic, (2) a causal relationship between any adverse employment action and the exercise of Plaintiff's rights, and (3) prejudice due to Sonic's alleged failure to provide Plaintiff with notice of her FMLA rights.

The second element of the interference claim requires the employee to allege that "she was prevented from taking the full 12 weeks' of [sic] leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave."[18] Viewing the facts alleged in the Complaint in the light most favorable to Plaintiff, she was prevented from taking FMLA leave or denied initial permission to take leave when she was removed from the schedule shortly before her due date. In Plaintiff's five-year tenure working at Sonic, she understood that removal from the schedule was her supervisor's way of terminating employment. Plaintiff's understanding was reinforced by the fact that Smith did not respond to her phone calls and text messages asking why she had been removed from the schedule. These facts are sufficient to allege an adverse employment action.

Defendant next argues that Plaintiff fails to allege sufficient facts to support the third element of her claim, causation between her termination and the exercise of her rights. Plaintiff

---

[17]*Metzler*, 464 F.3d at 1180. The *McDonnell Douglas* burden-shifting framework does not apply to FMLA interference claims. *Id.*

[18]*Campbell v. Gambro Healtcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

had shared her induction date with Bogle, an associate manager, and it is reasonable to infer that Bogle communicated this timing to Smith if he was not already aware. However, there are no allegations in the Complaint that Plaintiff asked for time off for the birth, or for any period thereafter. According to the Complaint, she was not aware of her rights under the FMLA until after the birth of her child when she contacted Sonic's corporate office. While close temporal proximity between a Plaintiff's FMLA leave request and the adverse employment action can support the element of causation on an interference claim, Defendant argues that the Complaint fails to allege that Plaintiff attempted to exercise her rights under the FMLA.[19]

Plaintiff responds that Defendant interfered with her FMLA rights by failing to provide her with written notice of her rights and entitlements under the FMLA, citing the Department of Labor regulations pertaining to FMLA notice.[20] Under 29 C.F.R. § 825.300(b)(1), when an employer "acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." That regulation also provides that the employer's failure to follow the notice requirements

> may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights. An employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered.[21]

---

[19] For example, "[w]henever termination occurs while the employee is on leave, that timing has significant probative force." *DeFreitas v. Horizons Investment Mgmt. Corp.*, 577 F.3d 1151, 1160 (10th Cir. 2009).

[20] *See* 29 U.S.C. § 2654.

[21] 29 C.F.R. § 825.300(e).

It is reasonable to infer from the facts alleged in the Complaint that Sonic knew that Plaintiff qualified for FMLA leave during and after the birth of her child and was therefore required to provide her with the requisite notice as set forth in the Department of Labor regulations.

Still, in order for an interference claim to be actionable, Plaintiff must show prejudice as a result of the FMLA violation.[22] According to Defendant, she offers no allegation in the Complaint that she suffered prejudice. The Court disagrees. Plaintiff alleges in the Complaint that if she had been allowed to take FMLA leave, she would have returned to work when her physician authorized her to return to work, a mere one week after the birth of her child. The Complaint states that Plaintiff's doctor released her to return to work on April 27, 2012, but because she believed she had been terminated when she was taken off the schedule on April 14, Plaintiff did not return to work. This is a sufficient allegation of prejudice. The Court therefore finds that Plaintiff has alleged sufficient facts to state a plausible claim for FMLA interference.

B.  **Pregnancy Discrimination**

Title VII of the Civil Rights Act of 1964 prohibits unlawful employment discrimination on the basis of sex.[23] Congress later passed the PDA, which amended the terms "because of sex" or "on the basis of sex" in the Title VII definitions, to include "pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes."[24]

A claim of discrimination based on pregnancy is analyzed in the same manner as any

---

[22]*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89–92 (2002); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143–44 (3d Cir. 2004) (applying *Ragsdale* to FMLA notice requirements in general).

[23]42 U.S.C. § 2000e-2(a)(1).

[24]*Id.* § 2000e(k).

other discrimination claim under the Civil Rights Act.[25] Plaintiff must show intentional discrimination because of her pregnancy, childbirth, or related medical condition.[26] Defendant correctly notes that this claim will be analyzed under the *McDonnell Douglas* burden-shifting framework if Plaintiff relies on circumstantial evidence to support her claim.[27] But *McDonnell Douglas* is an evidentiary standard, not a pleading standard.[28] In *Swierkiewicz v. Sorema N.A.*, the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard."[29] Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss.[30] In employment discrimination cases, plaintiffs "must satisfy only the simple requirements of Rule 8(a)."[31] Therefore, the Complaint must provide "fair notice of the basis for [plaintiff's] claims,"[32] as that standard was further revised in *Twombly*.[33]

Here, Plaintiff alleges in the Complaint that she was pregnant and close to her due date

---

[25]*E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190–91 (10th Cir. 2000).

[26]*Id.* at 1191.

[27]Doc. 10 at 7; *see Horizon/CMS Healthcare Corp*, 220 F.3d at 1191.

[28]*See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

[29]*Id.* at 512.

[30]*Id.* at 509.

[31]*Id.* at 513.

[32]*Id.* at 514.

[33]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

when she was terminated. She alleges the basis for her understanding that she was terminated—she was removed from the schedule shortly before her scheduled induction, and her supervisor failed to return her phone calls and text messages. Given her long experience working at Sonic, Plaintiff understood that these measures were used to terminate employees. Accepting the facts alleged as true and viewing them in the light most favorable to Plaintiff, Plaintiff has stated a plausible claim of discrimination under the PDA—that she was intentionally discriminated against on the basis of her pregnancy, child birth, or related medical condition.[34]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 9) is **denied.**

**IT IS SO ORDERED.**

Dated: October 23, 2013

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[34] *See Swierkiewicz*, 534 U.S. at 512 (explaining that "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case" and therefore the prima facie standard "should not be transposed into a rigid pleading standard for discrimination cases.").